UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| REGINA M. HUNTER EL, <br><br> Plaintiff, <br><br> v. <br><br> THE COMMITTEE OF BAR EXAMINERS OF THE STATE BAR OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 18-cv-06585-LB <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE CIVIL-CASE FILING FEE** <br><br> Re: ECF No. 1 |

## INTRODUCTION

Plaintiff Regina M. Hunter El filed this action against defendants the Committee of Bar Examiners of the State Bar of California, U.S. Secretary of Education Betsy DeVos, and the Office of Federal Student Aid.[1] In lieu of the civil-case filing fee, Ms. Hunter El filed an "affidavit of financial statement."[2] The court construed this as an application for leave to proceed in forma pauperis ("IFP").[3] The court denied Ms. Hunter El's application for leave to proceed IFP because

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pl. Aff. of Fin. Statement – ECF No. 3.

[3] Order – ECF No. 5.

ORDER – No. 18-cv-06585-LB

she did not list, among other things, her gross and net salary, income from other sources, bank-account balances, or other assets.[4] The court extended Ms. Hunter El until November 16, 2018, to file a completed, sworn IFP application form or to pay the civil-case filing fee.[5] Ms. Hunter El did neither.[6]

## ANALYSIS

**1. Governing Law**

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). "The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning 'what may be a meritorious claim in order to spare himself complete destitution.'" *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948)). "However, 'court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process.'" *Id.* (internal brackets omitted) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)).

"To determine IFP eligibility, an applicant must 'submit an affidavit that includes a statement of all assets' showing that the applicant 'is unable to pay such fees or give security therefor.'" *Id.* (internal brackets omitted) (quoting 28 U.S.C. § 1915(a)(1)). "To satisfy this requirement, 'an affidavit of poverty is sufficient which states that one cannot because of his or her poverty pay or give security for costs and still be able to provide himself and dependents with the necessities of life.'" *Id.* (internal brackets and ellipsis omitted) (quoting *Adkins*, 335 U.S. at 339). "The Ninth Circuit has held that a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (some internal quotation marks omitted) (quoting *Escobedo v.*

---

[4] *Id.* at 2 n.3.

[5] *Id.* at 2.

[6] *See* Docket.

ORDER – No. 18-cv-06585-LB      2

*Applebes*, 787 F.3d 1226, 1234 (9th Cir. 2015)). "The Court has discretion to make a factual inquiry into an IFP applicant's financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Courts have denied IFP status where plaintiffs have provided incomplete information about their financial status or failed to clearly disclose their income and assets. *See id.* at *2–3 (citing cases).

## 2. Application

Ms. Hunter El's affidavit of financial statement does not clearly disclose her income and assets. Ms. Hunter El states that she "does not have or possess any gold or silver coins pursuant to the United States Constitution, Article I, Section X,"[7] but she does not disclose what other income or assets she may have. This does not satisfy the IFP-application requirements. *See Ali v. Andress-Tobiasson*, No. 2:12-cv-01571-JCM-CWH, 2013 WL 560508, at *3 (D. Nev. Feb. 11, 2013) ("Plaintiff has simply indicated that he does 'not have, or possess, any gold or silver coins.' This information does not satisfy the [28 U.S.C. § 1915(a)(1)] requirement for a 'statement of all assets.'"). To the extent that Ms. Hunter El is suggesting that nothing besides gold and silver coins can constitute income or assets and thus do not need to be disclosed, her argument is frivolous. *See, e.g.*, *Froehlke v. Homecomings Fin. Network, Inc.*, No. EDCV 13-1868 JGB (DTBx), 2013 WL 12120216, at *2 (C.D. Cal. Dec. 4, 2013) (arguments that money not backed by "gold and silver coins" is not lawful money are frivolous) (citing cases). Ms. Hunter El has shown no other reason why she should be excused from the IFP-application requirement to disclose her income or assets here.

That said, the court will extend Ms. Hunter El one more chance to comply with her civil-case filing requirements. The court orders Ms. Hunter El to show cause by December 4, 2018, why this case should not be dismissed for failure to pay the civil-case filing fee and to comply with court

---

[7] Pl. Aff. of Fin. Statement – ECF No. 3 at 2.

ORDER – No. 18-cv-06585-LB    3

1 deadlines and for her failure to prosecute the case. The court warns Ms. Hunter El that if she does
2 not provide a sworn declaration showing cause (or file a properly completed, sworn IFP
3 application form, or pay the civil-case filing fee) by December 4, 2018, the court may dismiss this
4 case without further notice.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
LAUREL BEELER
United States Magistrate Judge