United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| REGINA M. HUNTER EL, | Case No. 18-cv-06585-LB |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING FINAL EXTENSION FOR PLAINTIFF TO SHOW CAUSE WHY HER COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE CIVIL-CASE FILING FEE** |
| THE COMMITTEE OF BAR EXAMINERS OF THE STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | Re: ECF No. 10 |

## INTRODUCTION

Pro se plaintiff Regina M. Hunter El filed this action against the Committee of Bar Examiners of the State Bar of California, U.S. Secretary of Education Betsy DeVos, and the Office of Federal Student Aid.

Ms. Hunter El, a law student at an unaccredited distance-learning law school, Abraham Lincoln University, contends that the Bar Examiners Committee (1) failed to coordinate the testing dates for the First Year Law Student's Exam with Abraham Lincoln's academic calendar and (2) denied her request for testing accommodations under Title II of the Americans with

Disabilities Act ("ADA").[1] Ms. Hunter El also seeks adjustment of her federal student loans from 2016 to the present.[2]

Ms. Hunter El did not pay the civil-case filing fee. In lieu of paying the filing fee, Ms. Hunter El filed an "affidavit of financial statement."[3] She stated in her affidavit, "I do not have or possess any gold or silver coins pursuant to the United States Constitution, Article I, Section X which states 'No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts.'"[4] Aside from this statement, she did not list her income or assets in her affidavit.[5]

The undersigned construed this affidavit as an application for leave to proceed in forma pauperis ("IFP").[6] On November 2, 2018, the undersigned denied Ms. Hunter El's application for leave to proceed IFP because she did not list her income or assets.[7] The undersigned extended Ms. Hunter El until November 16, 2018, to file a completed, sworn IFP application form or to pay the civil-case filing fee.[8] Ms. Hunter El did neither.[9]

On November 20, 2018, the undersigned issued an order for Ms. Hunter El to show cause why this case should not be dismissed for her failure to pay the civil-case filing fee, to comply with court deadlines, and to prosecute her case.[10] The undersigned extended Ms. Hunter El to

---

[1] Compl. – ECF No. 1 at 1–2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2.

[3] Pl. Aff. of Fin. Statement – ECF No. 3.

[4] *Id.* at 2 (emphasis removed).

[5] *See id.* Among other things, she did not list her gross or net salary, her income from other sources, her bank-account balances, or her other assets, if any. *See id.*

[6] Order – ECF No. 5.

[7] *Id.* at 2 n.3.

[8] *Id.* at 2. The undersigned also provided Ms. Hunter El with a copy of the court's handbook *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants* and informed her about the Legal Help Center and provided her a copy of the Legal Help Center's flyer. *Id.*

[9] *See* Docket.

[10] Order to Show Cause – ECF No. 7.

December 4, 2018, to show cause (or to file a properly completed, sworn IFP application form listing her income and assets, or to pay the civil-case filing fee).[11] The undersigned warned Ms. Hunter El that if she failed to do so, the court could dismiss her case without further notice.[12]

Ms. Hunter El did not respond to the order to show cause, did not file a properly completed, sworn IFP application form, and did not pay the civil-case filing fee.[13] Instead, she filed a putative "Second Petition for Extension of Time."[14] Nowhere in this filing does she address her failure to file a properly completed, sworn IFP application form listing her income or assets or to pay the civil-case filing fee.[15]

## ANALYSIS

### 1. In Forma Pauperis Application

#### 1.1 Governing Law

Federal law requires a party initiating a civil lawsuit in federal court to pay a $350 filing fee, 28 U.S.C. § 1914(a), plus a $50 administrative fee, District Court Miscellaneous Fee Schedule (Sept. 1, 2018), *available at* http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (issued pursuant to 28 U.S.C. § 1914(b)), for a total of $400.

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). "The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning 'what may be a meritorious claim in order to spare himself complete destitution.'" *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948)). "However, 'court permission to proceed in forma pauperis is itself a matter of privilege and not

---

[11] *Id.* at 3–4.

[12] *Id.* at 4.

[13] *See* Docket.

[14] Pl. Second Pet. for Extension of Time – ECF No. 10.

[15] *See id.*

ORDER – No. 18-cv-06585-LB    3

right; denial of in forma pauperis status does not violate the applicant's right to due process.'" *Id.* (internal brackets omitted) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)).

"To determine IFP eligibility, an applicant must 'submit an affidavit that includes a statement of all assets' showing that the applicant 'is unable to pay such fees or give security therefor.'" *Id.* (internal brackets omitted) (quoting 28 U.S.C. § 1915(a)(1)). "To satisfy this requirement, 'an affidavit of poverty is sufficient which states that one cannot because of his or her poverty pay or give security for costs and still be able to provide himself and dependents with the necessities of life.'" *Id.* (internal brackets and ellipsis omitted) (quoting *Adkins*, 335 U.S. at 339). "The Ninth Circuit has held that a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (some internal quotation marks omitted) (quoting *Escobedo v. Applebes*, 787 F.3d 1226, 1234 (9th Cir. 2015)). "The Court has discretion to make a factual inquiry into an IFP applicant's financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Courts have denied IFP status where plaintiffs have provided incomplete information about their financial status or failed to clearly disclose their income and assets. *See id.* at *2–3 (citing cases).

### 1.2 Application

Ms. Hunter El did not pay the required $400 civil-case filing fee. Unless she is excused from paying the fee, if she does not pay the fee, her case will be closed for failure to comply with 28 U.S.C. § 1914.

To give Ms. Hunter El the benefit of the doubt, the court construed her affidavit of financial statement as an application for leave to proceed IFP under 28 U.S.C. § 1915, which would excuse her failure to pay the civil-case filing fee required by 28 U.S.C. § 1914. Ms. Hunter El's affidavit of financial statement did not comply with the requirements for an IFP application under 28 U.S.C. § 1915, however. Ms. Hunter El states that she "does not have or possess any gold or silver coins pursuant to the United States Constitution, Article I, Section X,"[16] but she does not disclose

---

[16] Pl. Aff. of Fin. Statement – ECF No. 3 at 2.

what other income or assets she may have. This does not satisfy the IFP-application requirements. *See Ali v. Andress-Tobiasson*, No. 2:12-cv-01571-JCM-CWH, 2013 WL 560508, at *3 (D. Nev. Feb. 11, 2013) ("Plaintiff has simply indicated that he does 'not have, or possess, any gold or silver coins.' This information does not satisfy the [28 U.S.C. § 1915(a)(1)] requirement for a 'statement of all assets.'"). To the extent that Ms. Hunter El is suggesting that nothing besides gold and silver coins can constitute income or assets and thus do not need to be disclosed, her argument is frivolous. *See, e.g.*, *Froehlke v. Homecomings Fin. Network, Inc.*, No. EDCV 13-1868 JGB (DTBx), 2013 WL 12120216, at *2 (C.D. Cal. Dec. 4, 2013) (arguments that money not backed by "gold and silver coins" is not lawful money are frivolous) (citing cases).

The court gives Ms. Hunter El one final chance to show cause why she should be excused from the requirement that she pay the $400 civil-case filing fee or, if she is applying for leave to proceed IFP, why she should be excused from the IFP-application requirement to disclose her income or assets. The court orders Ms. Hunter El to file a sworn declaration by December 17, 2018, showing such cause (or file a properly completed, sworn IFP application form, or pay the civil-case filing fee). No further extensions will be granted.

## 2. Other Matters

The court briefly addresses the other matters Ms. Hunter El raised in her putative "Second Petition for Extension of Time."

Ms. Hunter El contends that the court must demonstrate personal and subject-matter jurisdiction.[17] This is incorrect. Ms. Hunter El is the one who filed this lawsuit in this court. Consequently, she is the one who must establish that the court has jurisdiction. *McCauley v. Ford Motor Co. (In re Ford Motor Co. / Citibank (S.D.), N.A. Cardholder Rebate Program Litig.)*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of

---

[17] Pl. Second Pet. for Extension of Time – ECF No. 10 at 1.

proving the case is properly in federal court."). If the court does not have jurisdiction, it will dismiss Ms. Hunter El's complaint and close this case.

Ms. Hunter El contents that requiring the submission of an application to proceed IFP violates her right for redress of grievances under the First Amendment.[18] This is incorrect. "'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.'" *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). Ms. Hunter El does not have a constitutional right to file a case without paying the civil-case filing fee and then decide for herself that the federal statutes that govern filing fees and applying for leave to proceed IFP (which would waive her filing-fee requirement) do not apply to her.

Ms. Hunter El contends that she filed a motion for extension of time to perfect her filing and a motion for permission for electronic case filing.[19] Neither were received by the court.[20] (The court attaches a copy of the current docket sheet for Ms. Hunter El's reference.) Her motion for extension of time presumably is moot now in light of her second petition for extension of time. (Even if it is not, as stated above, the court will not grant Ms. Hunter El any more extensions with respect to showing cause why she has not paid the civil-case filing fee.) She is welcome to refile her motion for permission for electronic case filing if she wants.

Ms. Hunter El objects to the court's referring to her as a pro se litigant because "it may be inferred that the misclassification of Hunter El as a 'pro se' or self-represented litigant constitutes an inference in her right to choose her own representation or counsel of her choice."[21] The court referred to Ms. Hunter El as pro se because, presently, she is representing herself. There is no inference that Ms. Hunter El may not retain counsel in the future if she so chooses (consistent with applicable law and the rules of this court).

---

[18] *Id.*

[19] *Id.* at 2.

[20] *See* Docket.

[21] Pl. Second Pet. for Extension of Time – ECF No. 10 at 5.

ORDER – No. 18-cv-06585-LB  6

**CONCLUSION**

The court orders Ms. Hunter El to file a sworn declaration by December 17, 2018, showing cause why she should be excused from the requirement that she pay the $400 civil-case filing fee or, if she is applying for leave to proceed IFP, why she should be excused from the IFP-application requirement to disclose her income or assets. No further extensions will be granted. If Ms. Hunter El fails to comply, the court may dismiss her complaint and close this case without further notice.

**IT IS SO ORDERED.**

Dated: December 7, 2018

_____
LAUREL BEELER
United States Magistrate Judge